**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Fitzgerald Watkins,<br><br>                 Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                 Defendant. | No. CV-16-00168-PHX-DLR<br><br>**ORDER** |

       Plaintiff Patrick Watkins applied for supplemental security income in November 2011. (AR 22, 166-74.) The applications were denied. (AR 1-3, 15-35.) Plaintiff thereafter sought judicial review, and on March 31, 2017 the Court reversed Defendant's decision and remanded the case for an award of benefits. (Docs. 1, 23.)

       Counsel for Plaintiff has filed a motion for award of attorney's fees in the amount of $11,688.50. (Doc. 27.) Defendant has no objection to the motion. (Doc. 28.) For reasons stated below, the motion is granted.

       Counsel seeks a fee award pursuant to 42 U.S.C. § 406(b), which "provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant." *Flaherty v. Colvin*, No. CV-09-08106-PHX-JAT, 2013 WL 5447684, at *1 (D. Ariz. Sept. 30, 2013). Section 406(b) does not displace contingent-fee agreements as the primary means by

| | |
|---|---|
| 1 | which fees are set for successfully representing social security claimants in court, but it |
| 2 | does limit the reasonable fee to 25% of the past-due benefits. § 406(b)(1)(A); *see* 20 |
| 3 | C.F.R. § 404.1730(b)(1)(i). Section 406(b) "calls for court review of such arrangements |
| 4 | as an independent check, to assure that they yield reasonable results in particular cases." |
| 5 | *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining whether a fee is |
| 6 | reasonable, the Court should consider "the character of the representation and the results |
| 7 | the representative achieved." *Id.* at 808. |

Here, the results achieved by counsel were favorable and his representation was more than adequate. Having considered the factors outlined in *Gisbrecht*, and the record as a whole, the Court finds that $11,688.50 is a fair and reasonable fee award. The unopposed motion for award of attorney's fees therefore is granted.

**IT IS ORDERED** that Plaintiff's attorney's motion for award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 27) is **GRANTED**. Counsel's fees are approved in the amount of **$11,688.50**.

Dated this 21st day of August, 2017.

Douglas L. Rayes
United States District Judge